**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| DESMOND DARNELL DANIELS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:23-cv-212-WLS-ALS |
| | : | |
| Officer THOMAS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Pending before the Court are Defendant's motion to set aside default and Plaintiff's motion for default judgment. (Docs. 30, 28). For the reasons which follow, Defendant's motion is granted, and Plaintiff's motion is denied.

**Motion to Set Aside Default**

I.     **Standards**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant "who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). As a result, a motion made under Rule 55(c) seeking to set aside default is appropriate even if there is no formal entry of default. *Id.* A court may set aside an entry of default for "good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is a

> mutable standard, varying from situation to situation, but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Courts should not find that good cause exists

> if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings. In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

## II.    Findings of Fact

Defendant Officer Dorien Thomas was personally served with process by the United States Marshals Service on May 31, 2024. (Doc. 14). Thus, Defendant was required to file an answer or other responsive pleading within twenty-one days, which fell on June 21, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). According to defense counsel, at the time he was served, Defendant was "not working at the Dougherty County Jail because he was attending POST training in Forsyth, Georgia." (Docs. 30-1, at 3; 30-2, at 3). Defendant "was not sure what to do after being served," so he spoke with a supervisor at POST training, who "started talking about motions and answers and told [Defendant] that [he] had a limited amount of time to respond." (Docs. 30-2, at 3; 30-1, at 3). Defendant attempted to answer by mailing Plaintiff a letter which said that Plaintiff could consider the letter "an answer." (Docs. 16-1; 30-2, at 3; 30-1, at 3). Defendant did not "hear" about the pending action until he "received the Order of July 15, 2025," which told Defendant that he "had twenty-one (21) days to file a response to Plaintiff's Motion for Default Judgment." (Docs. 30-2, at 3; 30-1, at 3). Defendant attempted to learn how to respond and spoke with various individuals before he finally was told to "turn the Order over to someone who would get it to the County's lawyer[.]" (Docs. 30-2, at 4; 30-1, at 3). On August 6, 2025, through counsel, Defendant moved to set aside the default against him (Doc. 30), to which Plaintiff timely filed a response. (Doc. 32).

## III.    Analysis

The Court finds Defendant has shown good cause for setting aside the entry of default against him. His affidavit demonstrates that Defendant's failure to timely answer was not willful, and his counsel moved quickly to set aside the default. Indeed, Plaintiff notified the Court that Defendant attempted to file a timely answer, although he was unsuccessful in doing so. (Doc. 16). There also does not appear to be any prejudice that would result from setting aside the default against Defendant, and in his response, Plaintiff has not suggested that he suffered any prejudice. Although Plaintiff argues that Defendant had "more than enough time to consult with his superiors and an attorney . . . [and Defendant] took no action for over a year[,]" Plaintiff primarily argues the merits of his claim. (Doc. 32, at 2-5). Finally, Defendant presents colorable defenses of qualified immunity and Eleventh Amendment immunity, although Plaintiff argues otherwise. (Docs. 30-1, at 6-11; 32, at 2). Despite the considerable length of time between Defendant's personal service and the filing of Defendant's motion to set aside default, the Court finds Defendant has shown good cause. The Court therefore grants Defendant's motion to set aside default.

### Motion for Default Judgment

The United States Court of Appeals for the Eleventh Circuit has a "strong policy for determining cases on their merits," and "default judgments are generally disfavored" as a result. *Dallemand*, 2019 WL 2492281, at *2. Plaintiff's motion for default judgment seeks a default judgment against Defendant, arguing that Plaintiff has suffered mentally and physically from the alleged underlying incident. (Doc. 28). However, as explained directly above, the Court finds good cause to set aside the default. Consequently, the Court denies Plaintiff's motion for default judgment.

**CONCLUSION**

For the reasons stated above, Defendant's motion to set aside default (Doc. 30) is **GRANTED**. Defendant is **ORDERED** to file an answer or other responsive pleading **WITHIN TWENTY-ONE (21) DAYS** of the date of this Order. Plaintiff's motion for default judgment (Doc. 28) is **DENIED**.

**SO ORDERED**, this 23rd day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE